DUANE A. BERNDT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Berndt v. Commissioner
Docket No. 25382-89
United States Tax Court
T.C. Memo 1991-107; 1991 Tax Ct. Memo LEXIS 124; 61 T.C.M. (CCH) 2136; T.C.M. (RIA) 91107; March 13, 1991, Filed *124 Duane A. Berndt, pro se. S. Mark Barnes, for the respondent. CLAPP, Judge. CLAPP
MEMORANDUM OPINION This matter is before us on respondent's motion to dismiss for lack of jurisdiction. It is respondent's contention that the petition in this case was not filed within the time prescribed by sections 6213(a) or 7502. On July 19, 1989, respondent mailed a statutory notice of deficiency to petitioner at his last known address. The 90-day period for filing a petition with this Court expired on Tuesday, October 17, 1989, which date was not a legal holiday in the District of Columbia. On Thursday, October 19, 1989, 92 days after the notice of deficiency was mailed, the Court received and filed the petition. The envelope in which such petition was mailed bore a legible postmark date of October 18, 1989, Tucson, Arizona. October 18, 1989, was 91 days after the date the deficiency notice was mailed. Petitioner mailed his petition by express mail, not by certified or registered mail. A petition for redetermination of a deficiency must be filed within 90 days after the notice of deficiency is mailed to a taxpayer within the United States. Sec. 6213(a). We have long recognized *125 that our jurisdiction is strictly limited by statute and unless a petition is filed within the time prescribed by statute, we lack jurisdiction and must dismiss the case for that reason. . Filing is completed when the petition is received by the Court, unless the exception provided by section 7502 applies. . Section 7502 provides that if certain documents (including a petition to the Tax Court) are delivered by the United States mail after the time for filing them, if they were mailed timely, and if they bear a timely postmark made by the U.S. Postal Service, they will be considered to be filed on the date of the postmark. Sec. 7502(a)(1) and (2). Section 7502 and implementing regulations were designed to establish an easily ascertainable point for conclusively determining the time of filing with the Tax Court. They aim to avoid testimony as to the date of mailing in favor of tangible evidence in the form of an official government notation. Thus, except when a taxpayer uses registered or certified mail (see sec. 7502(c)), a legible postmark *126 is conclusive evidence of the time of mailing, and the petitioner may not introduce evidence of timely mailing which conflicts with an untimely postmark. , affg. a Memorandum Opinion of this Court; , affg. an unreported order of this Court. It is clear that the petition was not received by this Court within the 90-day period prescribed by section 6213(a). Thus, unless petitioner can bring himself within the provision of section 7502, this Court has no jurisdiction over the matter. In his second supplemental opposition to respondent's motion to dismiss, petitioner presented an express mail label addressed to the Tax Court with a postmark date of October 16, 1989. He alleged that he had timely mailed the petition on October 16, 1989, 89 days after the mailing of the deficiency notice, and therefore, the date of receipt by the Tax Court should have been October 17, 1989. However, respondent ascertained, and petitioner verified, that at petitioner's behest, a post office employee had manufactured this particular express mail label at *127 a date subsequent to the October 16 postmark date. Further, this employee was not employed in the post office where the petition was actually mailed, and he had no personal knowledge of when the petition was mailed. Petitioner also presented to the Court a return receipt that was signed by a Tax Court employee and dated October 18, 1989. This receipt had been attached to the envelope in which the petition was mailed. Petitioner argues that if his petition was received by the Court on October 18, 1989, it must have been mailed prior to this date, and therefore would have been timely mailed for purposes of section 7502. We conclude that the return receipt dated October 18 resulted from a clerical error. The official Court file contains the envelope in which the petition was mailed, and it bears a legible untimely postmark, i.e., October 18, 1989. "When a legible postmark appears on an envelope no evidence that the petition was mailed on some other day will be allowed." . Therefore, since the petition was actually received by this Court more than 90 days after the date the deficiency notice was mailed, since the envelope *128 containing the petition bears a legible untimely postmark, and since the petition was not sent by registered or certified mail, we have no choice but to grant respondent's motion to dismiss for lack of jurisdiction. An appropriate order will be entered.